## COUNTIES OF WASHINGTON, KENT AND NEWPORT, DURING THE SPRING CIRCUIT, 1870.

PRESENT:

Hon. GEORGE A. BRAYTON, Chief Justice.
Hon. THOMAS DURFEE, ⎫
Hon. ELISHA R. POTTER, ⎬ Justices.

## COUNTY OF WASHINGTON, FEBRUARY TERM, 1870.

### Amos Whitford *v.* George T. Armstrong.

A devise of lands in the following words :—"I give, devise and bequeath to my nephew, A. W., all my farm, known as the William Brown farm, if he leaves any lawful issue, to his heirs and assigns forever, and if he has no lawful issue after him, to my three children, viz.: M., H. and J., their heirs and assigns forever, share and share alike," vests an estate tail in A. W., the nephew.

BILL in equity, brought to ascertain the construction of a clause in the will of Samuel S. Whitford, deceased. The clause is set out in full in the opinion of the court.

*R. W. Greene, for complainant.*

*Miner, for respondent.*

BRAYTON, C. J. The language of the devise in this case is, "I give, devise and bequeath to my nephew, Amos Whitford, all my farm known as the William Brown farm, if he leaves any lawful issue, to his heirs and assigns forever, and if he has no lawful issue after him, to my three children, viz., Mary B. Gardner, wife of Willet Gardner, Hannah J. Arnold, wife of Jonathan N. Arnold, and John W. Whitford, their heirs and assigns forever, share and share alike."

Had the words "after him" been omitted from the language of this devise, there would be no question that the estate given to Amos Whitford was an estate tail.

The established legal interpretation of the other language is, that it imports an indefinite failure of issue. This is the established meaning of the words, "if he die without issue," "if he have no issue," "if he die before he has any issue," or "for want of issue," and this, whether applied to a gift of real or personal estate, when they stand alone, and not restricted by the context.

The words, "if he *leave* any lawful issue," when unrestricted by other words, are also uniformly held to import an indefinite failure of issue, when found in a devise of real estate, though, in a gift of personalty, the word "leaving" is held to mean a failure at the death of the first legatee.

All these expressions, when applied to realty, require other words in the context to restrain their import to failure of issue at the death of the first devisee.

There are no words in this devise which it is pretended can explain or restrict the expression, "if he leave any lawful issue," or "if he have no lawful issue," unless it be the words "after him," and reading, "if he have no lawful issue after him." And the question is, if the words "having after him" import more than the word "leaving," and it may be asked, how can one leave issue at his death unless he has it after him, if the word "have" can in any proper sense be applied to one not living.

In the case of *Pells* v. *Brown*, 3 T. R. 343, the words were, "without issue living William." The words "without issue" were restricted to mean without issue at the death. The words

"living William," or surviving the life of William, mean a failure of issue at his, William's, death.

On the authority of this case, or as one authority at least, was decided the case of *Porter* v. *Bradley*, 3 T. R. 146, where the language being, "if he should happen to die leaving no issue *behind him*," the court held these words, "behind him," as equivalent to "living William," in the former case, and this is given as one reason for the determination of this case. It will be seen, however, that there was another reason having weight with the court to determine as it did, viz. : that the devise over, in the case before them, was of life estates only, and to persons then living, a circumstance which in subsequent cases was held to be of much weight. The gift over here is in fee.

The case of *Porter* v. *Bradley* is the strongest case reported in favor of the restricted construction. It has been treated as an extreme case, and as standing, if it is to be deemed an authority, upon its own circumstances. It has not been directly overruled, nor has it been followed, and it is at least doubtful, if this determination were now for the first time to be made upon those words "behind him," they would be held to restrict the meaning of the words "leaving no issue."

These expressions, whose settled import is an indefinite failure, though they will be controlled as to realty by a clear manifestation of intent to restrict their meaning, when used in relation to a gift of personalty, are held to yield much more readily, and by manifestations less clear and pointed. 2 Jarman on Wills, 427.

We should expect, therefore, in a case where the words "after him" were used in gift of personal estate, if the case of *Porter* v. *Bradley* were to be taken as authority, and these words likened to the words "behind him," in that case, to find the failure of issue to be held a failure at the death, and the gift over good. We find, however, just the contrary.

In *Don* v. *Penny*, 19 Ves. 545, the words were, "for want of male issue after him, I give the same to W. & S.," &c., the gift was of all the testator's real and personal estate. But it was held that the words "after him" did not vary the legal construc-

tion of the words of the devise, " for want of male issue." The words were too ambiguous to have that effect.

If they will not vary the construction in relation to personalty, still less will they in regard to realty.

*Decree for complainant.*